THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SUSAN PEARSON,

                  Plaintiff,

       v.

DIRECTOR OF THE DEPARTMENT
OF LICENSING, a subdivision of the
State of Washington, in his/her official
capacity, *et al.*,

             Defendants.

CASE NO. C15-0731-JCC

ORDER GRANTING MOTIONS
FOR SUMMARY JUDGMENT

This matter comes before the Court on the motions for summary judgment by Defendants Director of the Department of Licensing (Dkt. No. 21) and Sergeant Andrew Thorne (Dkt. No. 24). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motions for the reasons explained herein.

I.     **BACKGROUND**

The relevant facts are not in dispute. On January 21, 2015, Swinomish Police Department Officer Hans Kleinman pulled over Plaintiff Susan Pearson for failing to obey a stop sign. (Dkt. No. 25-1 at 1.) Both the traffic violation and the traffic stop occurred on tribal trust land within the external boundaries of the Swinomish Reservation. (*Id.*) Officer Kleinman ran Pearson's name through a driver's check and learned that her license was suspended three days earlier for

1  unpaid tickets. (*Id.*) Officer Kleinman arrested Pearson. (*Id.*) During the search incident to arrest,

2  Officer Kleinman found evidence of controlled substances on Pearson's person. (*Id.*) The tribal

3  police officers subsequently seized Pearson's 1999 GMC S-10 pickup truck. (Dkt. No. 2-1 at 3;

4  Dkt. No. 25-2 at 2.)

5      Two days after Pearson's arrest, Defendant Andrew Thorne, a sergeant with the

6  Swinomish Police Department, received a call from Pearson. (Dkt. No. 26-1 at 2.) Pearson asked

7  where she should pick up her vehicle. (*Id.*) Sgt. Thorne responded that Pearson could not retrieve

8  her vehicle because the Swinomish Police Department was procuring a search warrant. (*Id.*)

9  Pearson then asked when her vehicle would be returned. (*Id.*) Sgt. Thorne responded that the

10  Tribe intended to initiate forfeiture proceedings because the vehicle was used to transport illegal

11  narcotics on tribal land. (*Id.*) Sgt. Thorne advised that Pearson would be receiving a seizure

12  notice from the Swinomish Tribal Court with a hearing date and that Pearson could retain an

13  attorney if she wished. (*Id.*)

14      Upon obtaining a warrant, the Swinomish Police Department searched Pearson's vehicle

15  and discovered evidence of controlled substances. (Dkt. No. 25-3 at 2.)

16      The Swinomish Tribe gave Pearson notice of the proceeding to forfeit her vehicle

17  pursuant to tribal law. (Dkt. No. 25-4 at 2; Dkt. No. 25-5 at 2; Dkt. No. 25-6 at 2.) Pearson

18  contacted the Swinomish Tribal Court and indicated that she was aware of the matter. (Dkt. No.

19  25-8 at 2.)  Ultimately, though, no attorney entered an appearance on her behalf, and Pearson did

20  not file an answer. (*See id.* at 3.) After 20 days, the Swinomish Tribal Court entered an order

21  forfeiting Pearson's ownership pursuant to Swinomish tribal laws. (*Id.* at 2-3.)

22      Meanwhile, Pearson requested that the Washington State Department of Licensing

23  (Department) place a hold on her certificate of title. (Dkt. No. 23 at 2.) Based on this request, the

24  Department flagged Pearson's certificate of title, indicating to the Department that ownership of

25  the vehicle could not be transferred without a request by Pearson or a Washington State court

26  order. (*Id.*) The Department has no records indicating that the Swinomish Tribe has attempted to

ORDER GRANTING MOTIONS FOR SUMMARY
JUDGMENT
PAGE - 2

1   transfer title to Pearson's vehicle. (*Id.*) As of the time of filing of these motions, Pearson's truck

2   was still in the custody of the Swinomish Police Department. (Dkt. No. 25 at 3.)

3        On March 14, 2015, Pearson filed a complaint for damages and declaratory and

4   injunctive relief against the Director of the Department in her official capacity and against

5   several Swinomish tribal police officers, including Sgt. Thorne. (Dkt. No. 2-1.) Pearson asks this

6   Court to enjoin the Department from transferring the certificate of ownership to itself pursuant to

7   the Swinomish Tribe's forfeiture order, and to award judgment against the tribal police officers

8   for damages under 42 U.S.C. § 1983. (Dkt. No. 2-1 at 6.)

9   **II.   DISCUSSION**

10       **A.   Summary Judgment Standard**

11        The Court shall grant summary judgment if the moving party shows that there is no

12   genuine dispute as to any material fact and that the moving party is entitled to judgment as a

13   matter of law. Fed. R. Civ. P. 56(a). In making such a determination, the Court must view the

14   facts and justifiable inferences to be drawn therefrom in the light most favorable to the

15   nonmoving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). Once a motion for

16   summary judgment is properly made and supported, the opposing party must present specific

17   facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus.*

18   *Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Material facts are those that may affect the

19   outcome of the case, and a dispute about a material fact is genuine if there is sufficient evidence

20   for a reasonable jury to return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248-49.

21   Ultimately, summary judgment is appropriate against a party who "fails to make a showing

22   sufficient to establish the existence of an element essential to that party's case, and on which that

23   party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

24       **B.   Motion by Director of Department of Licensing**

25        Pearson alleges that the Department has a practice of transferring vehicle ownership to

26   itself pursuant to tribal forfeiture orders, which violates the law and the Department's own

ORDER GRANTING MOTIONS FOR SUMMARY
JUDGMENT

protocols. (Dkt. No. 2-1 at 4.) Pearson asks the Court to enjoin the Director of the Department from changing the certificate of title of Pearson's truck, because the Swinomish Tribe had no authority to seize the vehicle. (*Id.*)

The Director moves for summary judgment, arguing that (1) Pearson lacks standing, because she fails to show past injury or a significant possibility of future harm and (2) the Director is immune from civil suits arising from actions in connection with vehicle registration.[1] (Dkt. No. 21 at 5.) The Court agrees on both counts.

1.  Standing

The Director first argues that Pearson lacks standing to seek an injunction against transfer of her vehicle title. (*Id.*) Article III requires all litigants to establish a case and controversy in order to invoke this court's jurisdiction. *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 37 (1976). Standing has three requirements: (1) an injury in fact, meaning "a harm suffered by the plaintiff that is concrete and actual or imminent"; (2) causation, meaning "a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant"; and (3) redressability, meaning "a likelihood that the requested relief will redress the alleged injury." *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 102-03 (1998) (internal quotations omitted). Where a plaintiff seeks only declaratory and injunctive relief, he or she must also show a "very significant possibility of future harm." *San Diego County Gun Rights Comm. v. Reno,* 98 F.3d 1121, 1126 (9th Cir. 1996).

Here, the future harm is the transfer of title from Pearson to the Department. But, Pearson has not shown a "very significant possibility" that this harm will occur. The Tribe has not attempted to transfer the title. The Department has flagged Pearson's certificate of title, meaning

---

[1] The Director also argues that, to the extent Pearson alleges a § 1983 claim against her, the complaint does not sufficiently plead a claim. (Dkt. No. 21 at 5.) Pearson's response brief acknowledges that she "only seeks a declaration or injunction against the Director," not damages under § 1983. (Dkt. No. 27 at 10.)

ORDER GRANTING MOTIONS FOR SUMMARY
JUDGMENT
PAGE - 4

that the title cannot be transferred unless Pearson authorizes it or a Washington State court orders it. These limitations are encapsulated in the Department policy requiring "that the tribal court order be 'converted to judgment' in a Washington Superior Court that the tribal offer is enforceable." (Dkt. No. 23 at 2.) Factually speaking, it seems very unlikely that the Department will unlawfully obtain title to Pearson's truck.

Pearson protests that the Department has previously argued that its policy would prevent transfer of title, yet it still assumed title to the subject vehicles. (Dkt. No. 27 at 4.) She cites two cases as examples: *Candee Washington v. Director Skagit County*, Skagit County Cause No. 15-2-00293-0 and *Jordynn Scott v. Director of Department of Licensing*, Whatcom County Cause No. 15-2-00301-8. (Dkt. No. 27 at 2.) These cases involve the transfer of a certificate of title pursuant to a tribal court order that was not converted to judgment in a Washington superior court. But, as the Director explains, these cases triggered the Department to more stringently enforce its policy and the corresponding regulations. (Dkt. No. 23 at 3; Dkt. No. 21 at 4.) This further negates the likelihood that the same harm will befall Pearson.

Pearson also asserts that there is another case involving a non-Native American, Narin Sin, whose vehicle was seized by the Tulalip Tribe and whose certificate of title was transferred by the Department. (Dkt. No. 27 at 2.) Pearson provides no evidence of this occurrence, nor any explanation of when the alleged seizure and transfer occurred. In response, the Department submits an affidavit showing that Narin Sin had a vehicle forfeited by the Tulalip Tribe, but that there is no record of the vehicle's title being transferred pursuant to a tribal forfeiture. (Dkt. No. 31 at 2.) This fact does not make it significantly likely that Pearson's title will be impermissibly transferred. In sum, Pearson fails to demonstrate a sufficient possibility of future harm to establish standing.

2. Immunity

The Director further argues that Pearson's suit is barred by immunity established under Washington State law. (Dkt. No. 21 at 5.) Wash. Rev. Code 46.01.310 states:

*No civil suit or action may ever be commenced or prosecuted against the director* [of the Department of Licensing], the state of Washington, any county auditor or other agents appointed by the director, any other government officer or entity, or against any other person, *by reason of any act done* or omitted to be done *in connection with the titling or registration of vehicles* or vessels while administering duties and responsibilities imposed on the director or as an agent of the director, or as a subagent of the director.

(Emphasis added.)

Pearson brought a civil suit against the Director based on the Department's alleged practice of improperly transferring titles—*i.e.*, acts "done . . . in connection with the titling or registration of vehicles." It is thus clear that the Director is immune from the present suit.

Pearson's claims against the Director are DISMISSED with prejudice

## C.    Motion by Sergeant Andrew Thorne

Pearson alleges that Sgt. Thorne's involvement in seizing and forfeiting her vehicle violated her rights under the federal and Washington State constitutions. (Dkt. No. 2-1 at 5-6.) She further asserts that Sgt. Thorne was acting under color of Washington State law and is thus liable for damages under § 1983. (Dkt. No. 2-1 at 6.)

Sgt. Thorne argues that the Court should dismiss Pearson's claims with prejudice, because (1) Pearson's claims is actually an official capacity suit that is foreclosed by sovereign immunity; (2) Sgt. Thorne was acting under color of tribal law, not state law; and (3) Pearson failed to exhaust her tribal remedies. (Dkt. No. 24 at 2-3.) Again, the Court agrees on all counts.

### 1.    Sovereign Immunity

Sgt. Thorne first asserts that Pearson's claim is barred by sovereign immunity. (*Id.*) Tribal sovereign immunity bars suits against a tribe itself, as well as suits against the tribe's employees in their official capacities. *Miller v. Wright*, 705 F.3d 919, 927-28 (9th Cir. 20 13). Tribal sovereign immunity generally does not protect tribal employees who are sued in their individual capacities for money damages, even if the employees were acting in the course and scope of their employment. *Maxwell v. County of San Diego*, 708 F.3d 1075, 1086-90 (9th Cir. 2013).  However, a "plaintiff cannot circumvent tribal immunity by the simple expedient of

1    naming an officer of the Tribe as a defendant, rather than the sovereign entity." *Miller*, 705 F.3d

2    at 928 (internal quotations omitted). In such cases, "the sovereign entity is the real, substantial

3    party in interest and is entitled to invoke its sovereign immunity from suit." *See Cook* v. *AVI*

4    *Casino Enters., Inc.*, 548 F.3d 718, 727 (9th Cir. 2008).

5           Pearson's suit rests solely on her argument that the Swinomish Tribe lacked jurisdiction

6    to seize and forfeit her truck. Thus, although she sued the tribal officers in their individual

7    capacity, it is clear that the true defendant is the Tribe itself. Because Pearson's suit is "in reality

8    an official capacity suit," it is barred by sovereign immunity. *See Maxwell*, 708 F.3d at 1089.

9           2.   <u>Acting Under Color of Tribal Law</u>

10          Sgt. Thorne further argues that he was not acting under color of state law. (Dkt. No. 24 at

11   2-3.) To establish liability under § 1983, a plaintiff must demonstrate that (1) the defendant acted

12   under color of state law and (2) the defendant deprived the plaintiff of a right secured by the

13   Constitution or laws of the United States. *Learned v. City of Bellevue*, 860 F.2d 928, 933 (9th

14   Cir. 1988). The plaintiff bears the burden of showing that the defendant's conduct was performed

15   under color of state law. *See id.* "[A]ctions taken under color of tribal law are beyond the reach

16   of § 1983." *R.J. Williams Co. v. Fort Belknap Hous. Auth.,* 719 F.2d 979, 982 (9th Cir. 1983).

17          Pearson alleges that Sgt. Thorne "act[ed] beyond any authority [he] ha[s] as [a]

18   Swinomish tribal police officer" and was "acting under color of state law and as [a] General

19   Authority Washington State Police Officer." (Dkt. No. 2-1 at 6.) However, she fails to support

20   this assertion. First, her argument that the tribal police officers exceeded their authority is based

21   on the Tribe's alleged lack of jurisdiction, which again demonstrates that sovereign immunity

22   bars this suit. Moreover, the only evidence of Sgt. Thorne's involvement in this matter shows

23   that he merely answered a phone call from Pearson and relayed information to her. Apart from

24   the fact that this conduct was related to the forfeiture—which, again, is challenged on grounds

25   barred by sovereign immunity—Pearson has not shown that Sgt. Thorne's actions exceeded his

26   authority as a tribal officer.

1       3.   Exhaustion of Tribal Remedies

2       Finally, Sgt. Thorne asserts that Pearson's suit is precluded by her failure to exhaust her

3   tribal remedies. (Dkt. No. 24 at 2-3.) A party may not challenge tribal court jurisdiction in

4   federal court until he or she has first exhausted its remedies in tribal court. *National Farmers*

5   *Union Ins. Cos. v. Crow Tribe of Indians,* 471 U.S. 845, 855-56 (1985); *Allstate Indem. Co. v.*

6   *Stump,* 191 F.3d 1071, 1073 (9th Cir. 1999). This requirement is "mandatory," not discretionary.

7   *Marceau v. Blackfeet Hous. Auth.*, 540 F.3d 916, 920 (9th Cir. 2008) (internal quotation

8   omitted); *see also Atwood v. Fort Peck Tribal Court Assiniboine,* 513 F.3d 943, 948 (9th Cir.

9   2008) ("Under the doctrine of exhaustion of tribal court remedies, relief may not be sought in

10  federal court until appellate review of a pending matter in a tribal court is complete.").

11      As discussed above, Pearson's suit is unquestionably a challenge to tribal court

12  jurisdiction. It is also undisputed that Pearson was aware of the forfeiture proceeding, but never

13  filed an answer or otherwise responded. She has not appealed the forfeiture order. She thus has

14  failed to exhaust her tribal remedies and cannot bring this challenge in federal court.

15      4.   Pearson's Response

16      As a final note, the Court acknowledges Pearson's lackluster—and very late—response to

17  Sgt. Thorne's motion. Pearson did not directly acknowledge Sgt. Thorne's arguments, instead

18  reiterating her blanket statement that Sgt. Thorne "is a Washington State police officer" and

19  confusingly citing a Washington insurance statute. (Dkt. No. 32 at 2-3.) This was far from

20  sufficient to survive summary judgment.

21      Pearson's claims against Sgt. Thorne are DISMISSED with prejudice.

22  **III.   CONCLUSION**

23      For the foregoing reasons, Defendants' motions for summary judgment (Dkt. Nos. 21,

24  24) are GRANTED. Pearson's claims against the Director of the Department of Licensing and

25  Sergeant Andrew Thorne are DISMISSED with prejudice.

26      //

1    DATED this 20th day of June 2016.

2

3

4

5

6

7                                    _____
                                     John C. Coughenour
8                                    UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26